# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO (ALBURQUERQUE)

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| v. | Criminal No. 15-CR-2030 WJ |
| **ROY HEILBRON,** | |
| **Defendant.** | |

## DEFENDANT'S SENTENCING MEMORANDUM

Defendant ROY HEILBRON, through counsel, hereby and herewith submits his Sentencing Memorandum.  Defendant retains the right to make comments and arguments at the sentencing hearing.

## PLEA AGREEMENT

The defendant has entered into a plea agreement with the government pursuant to Federal Rules of Criminal Procedure 11(c)(1)(C).  The agreement provides for a specific sentence of 24 months imprisonment.

The defendant, based on the foregoing is requesting that this court accept the plea agreement herein.

///

///

///

1

## **PRESENTENCE INVESTIGATION**

1. <u>Loss Calculation</u>

The defendant has objected to the intended loss and actual loss calculations set forth in the PSR.

The PSR calculates the <u>intended loss</u> at $2,684.289.67. The probation office arrives at this amount by taking the total sum billed to insurance companies, i.e., $6,039,631.50 and applying a ratio of 44.44% to determine the amount of defendant's submitted bills that were fraudulent, i.e., $2,684.280.67 which is the <u>intended loss</u>, according to the probation office.

However, this ratio is based on the premise that Dr. Heilbron worked legitimately for only 10 hours a day for 5 days a week and an additional 8 hours per day was fraudulently billed.

Defense counsel is advised that the defendant also worked on Saturdays (full-time 10 hours) and employed an ultrasound technician and echo technologist, who performed most of the testing. Thus, the calculation for intended loss by the probation office is simply not accurate and reliable.

Similarly, the PSR determines that $1,114,973.87 was actually paid to the defendant and applying the same ratio of 44.44% arrives at an <u>actual loss</u> of $500,040.26.

Based on the foregoing, both the intended loss and the actual loss should be significantly lower because the ratio of 44.44% used by the probation office does not reflect the increased hours actually spent in treating patients. 1

2.  The defendant has also objected to the Specific Offense Characteristic, Paragraph 55 as follows:

The intended loss, for reasons set forth hereinabove, is not $2,684.280.67.  It is below $1,500.000.00 and therefore only a fourteen level increase is applicable.

3.  Adjustment for Role in the Offense, Paragraph 58

The defendant was not an organizer, leader, manager, or supervisor of one or more other participants.  A participant is a person who is criminally responsible for the commission of the offense.  Here, only the defendant committed the offense and 3B1.1 does not apply.

Defendant's Medical Condition

As previously set forth in defendant's Motion for a Continuance, the defendant has been diagnosed with prostate cancer and is arranging for treatment to begin forthwith in the Santa Fe and/or Albuquerque area.   The defendant is requesting that the defendant be granted additional time to self-surrender so that he can be able to have his treatment begin before he begins his sentence.

///

---

1 The ratio may well be in the range of approximately 10% - 20%.  Therefore, the actual loss, it can be contended, is no more than $200,000.00 and the intended loss is below $1,500,000.00

Dated:  August 18, 2017     Respectfully submitted,

                                               MARKS & BROOKLIER

                                   By:   */s/ Donald B. Marks*
                                            DONALD B. MARKS
                                            Attorney for Defendant
                                            ROY HEILBRON